NOT FOR PUBLICATION                                                    (Docket Nos. 35, 38)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| JOHN ERIC HUGHES | : |
|  | : |
| Plaintiff, | : Civil No. 07-2948 (RBK) |
| v. | : **OPINION** |
|  | : |
| DENNIS KNEIBLHER, et al., | : |
|  | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by defendants Dennis Kneiblher, Brian Kokotajlo, Carol Morton, Joanne Wright, Manuel Calguio, Pradip Patel and John Chung (collectively "Defendants") seeking summary judgment on the Complaint filed by plaintiff John Eric Hughes ("Plaintiff"), alleging violations of his constitutional rights and brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] For the reasons set forth below, this Court will grant Defendants' motion.

## I.    BACKGROUND

Following an order granting Plaintiff's request to proceed in forma pauperis, Plaintiff's

---

[1] A Bivens action allows a plaintiff to sue a federal defendant who, acting under federal law, deprived the plaintiff of a constitutional right. Bivens actions are analogous to actions against individuals acting under the color of state law under 42 U.S.C. § 1983.

Complaint was filed on July 5, 2007.  At the time the Complaint was filed, Plaintiff was an inmate at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix").  The individual Defendants were all alleged to be employees of the Federal Bureau of Prisons at FCI Fort Dix.  In his Complaint, Plaintiff alleges that Defendants violated his constitutional rights.  Specifically, Plaintiff alleges that the Defendants violated his rights by conspiring to retaliate against him for filing administrative complaints about his treatment at FCI Fort Dix.  Plaintiff further alleges that Defendants Knieblher and Kokotajlo violated his Eighth Amendment rights, when they allegedly denied Plaintiff access to fresh air and medical care.  Plaintiff alleges that the Defendants violated his Eighth Amendment rights by being deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff additionally alleges that Defendant Wright violated his Eighth Amendment rights when he allegedly harassed Plaintiff and conducted a search of Plaintiff's property and seizure of Plaintiff's legal documentation.  Further, Plaintiff alleges that Defendants Knieblher, Kokotajlo, and Morton violated his Due Process rights by transferring him to lower paying jobs and jobs inconsistent with his medical status.  Plaintiff additionally alleges that Defendants violated his First Amendment right of access to courts.

Plaintiff asserts that Defendants have caused him abdominal pain, severe headaches, mental and emotional trauma, depression, anxiety, apprehension, sleep disorders, intensified Tourette's Syndrome attacks, and loss of rest and sleep.  Further, Plaintiff asserts that, as a result of Defendants' actions, he is limited to occupations that do not involve the inhalation of chemical fumes.

In their motion presently before this Court, Defendants request summary judgment on Plaintiff's claims, first due to his failure to exhaust administrative remedies on all but two

claims. Further, Defendants argue that all claims accruing more than two years prior to the filing of this lawsuit, including the only claims upon which Defendant has exhausted administrative remedies, are time-barred by the statute of limitations. Defendants further argue that this Court should grant summary judgment on all claims as to all Defendants, as Plaintiff cannot establish claims against any of the Defendants. Defendants claim that they have not violated any clearly established constitutional right and are entitled to qualified immunity. Furthermore, Defendants assert that Plaintiff cannot establish a First Amendment retaliation claim, Eighth Amendment claim, Fifth Amendment claim, conspiracy claim, nor First Amendment access to courts claim against any Defendant. Defendants argue that defendant Chung is entitled to have all claims against him dismissed, as the Complaint's allegations against him are premised on a theory of respondeat superior. Finally, Defendants claim that this Court lacks subject matter jurisdiction over Plaintiff's constitutional tort claims against Defendants in their official capacities.

## II. STANDARD

Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving

for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**III.    DISCUSSION**

    **A.    Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act of 1995 ("PLRA"), codified as 42 U.S.C. § 1997e, prisoners are precluded from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (holding that the failure to "properly" exhaust administrative remedies under the PLRA constitutes a procedural default).[2] The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to prison

---

[2] Specifically, section 803(d) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Spruill, 372 F.3d at 230. With this requirement, Congress intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 227.

The exhaustion requirement's broad scope indicates that it applies to all federal claims brought by any inmate, including Bivens claims. Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). A plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the relief requested in the suit. Porter v. Nussle, 534 U.S. 516, 524 (2002). Grievance procedures set forth in an inmate handbook constitute such a remedy, even if they are not formally adopted by any state administrative agency. Concepcion v. Morton, 306 F.3d 1347, 1348, 1349 (3d Cir. 2002).

The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted. Camino v. Scott, No. 05-4201, 2006 WL 1644707, *4 (D.N.J. June 7, 2006) (citing Spruill, 372 F.3d at 232). Summary judgment of an inmate's claim is proper where he has failed to exhaust administrative remedies. Fortune v. Bitner, No. 07-3385, 2008 WL 2766156, *3 (3d Cir. July 17, 2008).

In this instance, the Bureau of Prisons has set forth a process by which inmates may seek a remedy for grievances. An inmate is to submit a written administrative remedy request to the warden. An inmate may then appeal this decision to the Regional Director, and then may appeal that decision to the Office of the General Counsel. 20 C.F.R. § 520.10 et seq.

Defendants present evidence and argue that Plaintiff's written remedy requests detail 17 claims he has administratively brought during his imprisonment at FCI Fort Dix. However, Defendants show that Plaintiff failed to exhaust his administrative remedies on all matters at issue in this case, except for those related to his alleged exposure to chemicals from April 16, 2004 to April 21, 2004 and his job transfer in May 2004.[3] This evidence is uncontradicted. Plaintiff's only response on this point is that the matters upon which he did exhaust his administrative remedies were a part of a greater conspiracy to retaliate against him. However, Plaintiff makes no showing that he exhausted his administrative remedies as to the incidents themselves or the alleged conspiracy or retaliation. In fact, Plaintiff does not mention a conspiracy in any of his administrative filings with respect to the claims he did exhaust. The only mention Plaintiff makes of retaliation in his administrative filings is to say that there is a "potential" for retaliation.

The Third Circuit has stated that "retaliation itself constitutes a separate claim." Hoffenberg v. Provost, 154 Fed. Appx. 307, 311 (3d Cir. 2005), cert. denied, 127 S. Ct. 39 (U.S. Oct. 2, 2006) (No. 05-9989) (citing Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990)). In Hoffenberg, the Third Circuit held that although Plaintiff had exhausted certain claims, he had not done so for his retaliation claims, and therefore those claims were procedurally defaulted. In Toolasprashad v. Wright, a conspiracy

---

[3] In their motion for summary judgment, Defendants argued that the "plaintiff failed to exhaust his administrative remedies on the matters at issue in his lawsuit," with the exception of the April 16 - 21, 2004 chemical exposure claim and the May 2004 job transfer claim. (Defs.' Br. at 8.) Defendants thus raised exhaustion as a defense to all matters at issue in this case, including the conspiracy to retaliate claim. Ray v. Kortes, 285 F.3d 287, 295 (3d Cir.2002) (holding that "failure to exhaust [an administrative remedy] is an affirmative defense to be pleaded by the defendant.")

claim was similarly regarded, as constituting a separate claim. No. 02-5473, 2006 WL 2264885, *3 (D.N.J. August 8, 2006).[4] In this case, while Plaintiff has exhausted his administrative remedies with respect to the alleged chemical exposure from April 16, 2004 to April 21, 2004 and his job transfer in May 2004, he has not done so for his other claims including his conspiracy and retaliation claims, and so those claims are procedurally defaulted.[5] On the basis of Plaintiff's failure to exhaust his administrative remedies, this Court will grant summary judgment for the Defendants and against the Plaintiff as to all of Plaintiff's claims including the retaliation claim and excepting the alleged chemical exposure from April 16, 2004 to April 21, 2004 and his job transfer in May 2004.

    **B.**    **Statute of Limitations**

A Plaintiff's Bivens claim in New Jersey, alleging personal injury, is subject to a two-year statute of limitations. See Curbison v. U.S. Government of New Jersey, 242 Fed. Appx. 806 (3d. Cir. 2007); Wooden v. Eisner, 143 Fed. Appx. 493, 494 (3d Cir 2005) (citing Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); King v. One Unknown Fed. Correctional Officer, 201 F.3d 910, 913 (7th Cir. 2000) (noting that same state statute of limitations applies to all Bivens and § 1983 claims); N.J. Stat. Ann. § 2A:14-2. A Bivens claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action. Sameric

---

[4] Plaintiff in this case asserts that Defendants conspired to retaliate against him. Plaintiff's Complaint does not specify whether he alleges both a claim of conspiracy and a claim of retaliation, but this Court considered whether Plaintiff has exhausted his administrative remedies with respect to either claim.

[5] See Jones v. Bock, 127 S. Ct. 910, 924 (U.S. 2007) (holding that when a complaint contains both exhausted and unexhausted claims, a Court should dismiss only the unexhausted claims).

Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). In this case, the matters underlying Plaintiff's remaining allegations against Defendants accrued at the time of their occurrence, in or about April and May 2004.[6] Because Plaintiff filed the instant action on July 5, 2007, claims arising before July 5, 2005 are time-barred by the statute of limitations. Accordingly, Plaintiff is barred by the statute of limitations from pursuing claims based upon the only two remaining matters in this case, the April 16, 2004 to April 21, 2004 chemical exposure and the May 2004 job transfer.

### C. Additional Claims

As the Court has found that Plaintiff did not exhaust his administrative remedies as to all but two of the matters upon which he bases his claims, and that those remaining claims are time-barred, this Court need not consider whether Plaintiff cannot establish claims against any of the Defendants, whether Defendants are entitled to qualified immunity, whether Plaintiff can establish a First Amendment retaliation claim, Eighth Amendment claim, Fifth Amendment claim, conspiracy claim, or First Amendment access to courts claim against any Defendant, whether defendant Chung is entitled to have all claims against him dismissed premised on a theory of respondeat superior, or whether this Court has subject matter jurisdiction over Plaintiff's constitutional tort claims against Defendants in their official capacities.

### IV. CONCLUSION

Based on the foregoing reasoning, this Court will grant summary judgment in favor of the

---

[6] Although Plaintiff argues that these matters are a part of a conspiracy to retaliate against him that would extend the accrual date to the end of the conspiracy, this Court already found that the Plaintiff did not offer evidence of a conspiracy nor exhaust his administrative remedies with regard to a conspiracy allegation. Thus, the two matters still at issue will be considered in terms of their date of occurrence.

Defendant and against the Plaintiff.  The accompanying Order shall issue today.


Dated:      9-19-08              /s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge